UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant,<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP,<br><br>    Defendant-Intervenor. | Civil Action No. 20-3817 (CKK) |

MEMORANDUM OPINION
(January 9, 2021)

Plaintiffs Red Lake Band of Chippewa Indians, White Earth Band of Ojibwe, Honor the Earth, and the Sierra Club ("Plaintiffs") bring this action against Defendant United States Army Corps of Engineers ("Defendant"), alleging violations of the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), the Rivers and Harbors Act ("RHA"), and Defendant's permitting regulations. *See* Compl. ¶¶ 183-217, ECF No. 1. Specifically, Plaintiffs challenge Defendant's issuance of a permit to Enbridge Energy, Limited Partnership ("Enbridge"), authorizing Enbridge to discharge dredged and fill material into waters of the United States under Section 404 of the CWA and to cross waters protected by Section 10 of the RHA (the "Permit") in its construction of a replacement for the Line 3 oil pipeline, which transports oil from Canada to Wisconsin, traversing North Dakota and Minnesota. *See id.* ¶¶ 3, 4, 7. Plaintiffs seek declaratory and injunctive relief, including that the Permit issued to Enbridge be vacated and that pipeline construction be enjoined. On the same day Plaintiffs filed

their Complaint, they also filed a [2] Motion for Preliminary Injunction, asking the Court to preliminarily enjoin the Permit issued to Enbridge until Defendant "completes the legally required review of the pipelines." Pls.' Mot. for Prelim. Inj. at 1.

Presently before the Court is Enbridge's [19] Motion to Intervene as a Defendant. Enbridge seeks to intervene as of right as a defendant in accordance with Federal Rule of Civil Procedure 24(a), or in the alternative, to permissively intervene in accordance with Rule 24(b). Mot. to Intervene at 1. Neither Plaintiffs nor Defendant oppose Enbridge's motion. *See* ECF Nos. 20, 22. Upon consideration of Enbridge's motion, the relevant legal authorities, and the record as a whole, the Court finds that Enbridge is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). Accordingly, the Court shall GRANT Enbridge's Motion to Intervene.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. That provision requires the Court "[o]n timely motion" to "permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Consistent with this rule, the D.C. Circuit requires putative intervenors to demonstrate "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal citations and quotation marks omitted).

The D.C. Circuit also requires parties seeking to intervene under Rule 24(a)—including putative defendant-intervenors—to demonstrate that they have standing under Article III of the Constitution.  *See Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015); *Fund for Animals*, 322 F.3d at 731-32.  "The standing inquiry for an intervening-defendant is the same as for a plaintiff: the intervenor must show injury in fact, causation, and redressability." *Crossroads*, 788 F.3d at 316 (citing *Deutsche Bank Nat'l Trust v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013)).  The injury in fact must be "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Id.* at 316-27 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

## II.  DISCUSSION

Enbridge seek to intervene as a matter of right pursuant to Rule 24(a), or alternatively, permissively pursuant to Rule 24(b).  As discussed below, the Court finds that Enbridge has standing under Article III and has satisfied the requirements of intervention as a matter of right under Rule 24(a).

**A. Standing**

Before addressing each Rule 24(a) factor, the Court must consider Enbridge's standing.[1]  *Crossroads*, 788 F.3d at 316 ("[W]here a party tries to intervene as another defendant, we have

---

[1] In a footnote, Enbridge contends that, as a prospective defendant-intervenor, it is not required to establish standing pursuant to the Supreme Court's decision in *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019).  *See* Mot. to Intervene at 13 n.3.  Specifically, Enbridge points to the Supreme Court's observation that the appellant's role in that case as an intervenor-defendant before the trial court did not entail "invoking a [federal] court's jurisdiction." *Id.* (quoting *Bethune-Hill*, 139 S. Ct. at 1951).  Enbridge does not, however, cite any caselaw within this judicial circuit applying that language to obviate the requirement articulated by the D.C. Circuit that a prospective intervenor-defendant must establish Article III standing.  *See Crossroads*, 788 F.3d at 316; *Deutsche Bank*, 717 F.3d at 193.  And other courts in this jurisdiction have required prospective intervenor-defendants to demonstrate standing since the Supreme Court's *Bethune-Hill* decision.  *See, e.g.*, *MGM Global Resorts Dev., LLC v. U.S.*

3

required it to demonstrate Article III standing[.]"); *Fund for Animals*, 322 F.3d at 732-33 (considering standing of prospective intervenor-defendant).

"Our cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads*, 788 F.3d at 317. For example, in *Friends of Animals v. Ashe*, the court concluded that private organizations seeking to intervene as defendants demonstrated an injury in fact to support standing (and intervention as of right) when plaintiffs sued the U.S. Fish and Wildlife Service challenging its issuance of permits allowing certain hunting imports to those organizations. 2015 WL 13672461, at *1, 3 (D.D.C. June 12, 2015). In that case, the court concluded that the organizations had standing because they would be prevented from importing the items allowed by the permit if the plaintiffs prevailed. *Id.* at *3.

Here, Enbridge benefits from Defendant's issuance of the Permit, as it provides necessary authorizations for Enbridge to undertake its proposed Line 3 replacement. *See* Mot. to Intervene at 7; Compl. ¶ 4. Enbridge contends that a decision enjoining the Permit and construction on Line 3 "threatens Enbridge's investment" in its replacement project. Mot. to Intervene at 13 n.3; *see also* Decl. of Barry Simonson ¶ 40, ECF No. 19-3 ("Simonson Decl.")[2] ("Enbridge would potentially face a loss of the investment already incurred as well as a loss of future revenue[.]"). Enbridge further argues that a decision in favor of Plaintiffs would impair Enbridge's "ability to proceed with the Project," which would hamper "Enbridge's ability to meet the long-term

---

*Dep't of Interior*, 2020 WL 5545496, at *3-4 (D.D.C. Sept. 16, 2020). Accordingly, the Court shall assess Enbridge's standing.

[2] In evaluating a motion to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 9 (D.D.C. 2010) (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001)).

demand of its customers[.]" Mot. to Intervene at 12. The Court finds that these claimed injuries are sufficient to support standing. *See, e.g.*, *Wildearth Guardians*, 272 F.R.D. at 19 (requiring prospective intervenor to "expend additional time and resources, with the ultimate outcome uncertain" constituted injury-in-fact supporting standing); *id.* ("[T]here is little doubt that resolution of this action in Plaintiff's favor would affect [intervenor's] financial . . . stake in the development of coal mining operations[.]"). In addition, the claimed injuries are "fairly traceable to the judicial intervention" (setting aside the Permit) and a decision in Enbridge's favor would plainly prevent it from incurring the claimed injuries. *See Cty. of San Miguel, Colorado v. MacDonald*, 244 F.R.D. 36, 45 (D.D.C. 2007).

### B. Intervention as of Right

Turning to the four-factor analysis described *supra* Part I, the Court concludes that Enbridge has satisfied each element and is entitled to intervene as a matter of right pursuant to Rule 24(a).

*First*, Enbridge's application to intervene is timely. Enbridge filed its motion to intervene twelve days after Plaintiffs filed their Complaint and Motion for Preliminary Injunction, and one day after Defendant was served. *See, e.g.*, *Mova Pharma. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (finding timely an intervention motion filed "a few weeks after [plaintiff] initiated the action and before the district court ruled on the preliminary injunction"). Enbridge indicates that it seeks to participate in the briefing on Plaintiffs' Motion for Preliminary Injunction, and will do so according to the schedule set by the Court. *See* Mot. to Intervene at 17. The Court finds that Enbridge's intervention at this time will not delay the action or otherwise prejudice the parties, and will enable Enbridge to participate in the briefing on the pending preliminary injunction motion.

demand of its customers[.]" Mot. to Intervene at 12. The Court finds that these claimed injuries are sufficient to support standing. *See, e.g.*, *Wildearth Guardians*, 272 F.R.D. at 19 (requiring prospective intervenor to "expend additional time and resources, with the ultimate outcome uncertain" constituted injury-in-fact supporting standing); *id.* ("[T]here is little doubt that resolution of this action in Plaintiff's favor would affect [intervenor's] financial . . . stake in the development of coal mining operations[.]"). In addition, the claimed injuries are "fairly traceable to the judicial intervention" (setting aside the Permit) and a decision in Enbridge's favor would plainly prevent it from incurring the claimed injuries. *See Cty. of San Miguel, Colorado v. MacDonald*, 244 F.R.D. 36, 45 (D.D.C. 2007).

### B. Intervention as of Right

Turning to the four-factor analysis described *supra* Part I, the Court concludes that Enbridge has satisfied each element and is entitled to intervene as a matter of right pursuant to Rule 24(a).

*First*, Enbridge's application to intervene is timely. Enbridge filed its motion to intervene twelve days after Plaintiffs filed their Complaint and Motion for Preliminary Injunction, and one day after Defendant was served. *See, e.g.*, *Mova Pharma. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (finding timely an intervention motion filed "a few weeks after [plaintiff] initiated the action and before the district court ruled on the preliminary injunction"). Enbridge indicates that it seeks to participate in the briefing on Plaintiffs' Motion for Preliminary Injunction, and will do so according to the schedule set by the Court. *See* Mot. to Intervene at 17. The Court finds that Enbridge's intervention at this time will not delay the action or otherwise prejudice the parties, and will enable Enbridge to participate in the briefing on the pending preliminary injunction motion.

*Second*, the Court concludes that Enbridge has demonstrated an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The Court's conclusion that a putative intervenor has constitutional standing is "alone sufficient to establish . . . [its] interest in the property or transaction which is the subject of the action." *Fund for Animals*, 322 F.3d at 735 (internal citations and quotation marks omitted); *see also Crossroads*, 788 F.3d at 320 ("[S]ince [intervenor] has constitutional standing, it *a fortiori* has an interest relating to the property or transaction which is the subject of the action.") (internal citation and quotation marks omitted); *Mova Pharma.*, 140 F.3d at 1076 ("[Intervenor] need not show anything more than that it has standing to sue in order to demonstrate the existence of a legally protected interest for the purpose of Rule 24(a)."). Enbridge has a clear interest in the Permit that is the subject of this action, as Enbridge holds the Permit at issue in this lawsuit. *See, e.g.*, *Friends of Animals*, 2015 WL 13672461, at *3 (concluding that prospective-intervenor permit holders "have an interest in the permits at issue"); *see also Sierra Club v. E.P.A.*, 995 F.2d 1478 (9th Cir. 1993) (concluding that holder of CWA permit had interest in action against EPA challenging permit terms), *overruled in part on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

*Third*, the Court finds that Enbridge is "so situated that the disposition of the action may as a practical matter impede or impair [its] ability to protect its interest." *Fund for Animals*, 322 F.3d at 735 (quoting Fed. R. Civ. P. 24(a)(2)). In evaluating this prong of Rule 24(a), the Court considers the "practical consequences," of denying intervention, which may include economic consequences. *Id.* at 735 (noting intervenor's "loss of revenues during any interim period"); *cf. Mova Pharma. Corp.*, 140 F.3d at 1076 (considering prospective intervenor's "danger in losing market share . . . if district court denied the injunction"); *Cty. of San Miguel*, 244 F.R.D. at 47

(noting that "the imminent threat of lost earnings" if the court granted plaintiffs' relief "would impair the intervenor-applicants' members economic interests").  Here, Plaintiffs' requested relief, if granted, would as a practical matter impede Enbridge's ability to proceed with its Line 3 replacement project, requiring Enbridge to halt construction and incur additional costs associated with delay.  *See* Mot. to Intervene at 12-13; Simonson Decl. ¶¶ 37-41.  Enbridge has "an interest in the permit[ ] at issue," and a "decision in [its] absence would impair [its] ability to protect that interest.  *Friends of Animals*, 2015 WL 13672461, at *3.

*Fourth*, Enbridge has sufficiently demonstrated that no existing party to the action will adequately represent its interests.  The D.C. Circuit has described this last requirement as "not onerous," *Fund for Animals*, 322 F.3d at 735 (internal citations and quotation marks omitted), and has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Crossroads*, 788 F.3d at 314 (quoting *Fund for Animals*, 322 F.3d at 736).  The Court agrees that Enbridge has interests in this action distinct from Defendant, and that Defendant does not adequately represent Enbridge's interests.  Although Enbridge and Defendant may share an interest in upholding the Permit, Enbridge correctly points out that Defendant "does not have any particular stake in preserving *Enbridge's* approvals or protecting *Enbridge's* interests in the Permit." Mot. to Intervene at 14-15 (emphasis added).  Rather, Defendant "will be focused on defending its permitting policies and procedures." *Id.* at 14; *see also Forest Cnty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016) (noting that the federal government "represents the public interest of its citizens" and "would be shirking its duty were it to advance [a] narrower interest at the expense of its representation of the general public interest") (internal citations and quotation marks omitted).  The Court finds that Enbridge's rationale satisfies the "not onerous" burden of Rule 24(a)'s final prong.

Because Enbridge has standing and has satisfied Rule 24(a)'s requirements, the Court concludes that it may intervene as a defendant as a matter of right.[3]

## C. Conditions on Intervention

"Even where the Court concludes that intervention as a matter of right is appropriate, its inquiry is not necessarily at an end; district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action." *Forest Cty.*, 317 F.R.D. at 15 (citing *Fund for Animals*, 322 F.3d at 737 n.11) (additional citations omitted). "[A]ny conditions imposed should be designed to ensure the fair, efficacious, and prompt resolution of the litigation." *Id.*; *see, e.g.*, *Brady Campaign to Prevent Gun Violence v. Salazar*, 612. F. Supp. 2d 1, 11 n.8 (D.D.C. 2009) (granting intervention of right but prohibiting intervenors from raising new claims or collateral issues); *Cty. of San Miguel*, 244 F.R.D. at 48 n.17 (limiting intervention of right to claims within the scope of the complaint). In order to ensure the fair and efficacious resolution of this action, the Court shall require Enbridge, as an intervening party to comply with the following conditions:

- Enbridge shall confine its arguments to the existing claims in the action and shall not inject new claims or stray into collateral issues;

- Enbridge shall adhere to the briefing schedule on Plaintiffs' Motion for Preliminary Injunction, set forth in the Court's January 6, 2021 Minute Order; and

- Enbridge shall comply with each of the directives set forth in the [15] Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly and [21] Scheduling and Procedures Order.

---

[3] Because the Court concludes that Enbridge may intervene as a matter of right, the Court finds it unnecessary to determine whether it also entitled to intervene by permissive intervention pursuant to Rule 24(b). *See Am. Horse Prot. Assoc., Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001) (concluding that movant was entitled to intervene as of right and declining to reach question of permissive intervention).

The Court finds that these conditions "strike the appropriate balance between ensuring the expedient resolution of this action while preserving a space for the intervening part[y] to articulate [its] respective positions and interests." *Forest Cty.*, 317 F.R.D. at 16.

### III.  CONCLUSION

For the foregoing reasons, the Court shall GRANT Enbridge's Motion to Intervene. As an intervening party, Enbridge shall comply with the conditions set forth in this Memorandum Opinion. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge