

January 29, 2021

<u>*Via*</u> CM/ECF

The Honorable Colleen Kollar-Kotelly
United States District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001
Room 1225

      Re:     *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*,
              Case No. 1:20-cv-3817; Supplemental Authority

Dear Judge Kollar-Kotelly:

      On behalf of Red Lake Band of Chippewa Indians, White Earth Band of Ojibwe, Honor the Earth, and Sierra Club, plaintiffs in the above-captioned case, we write to notify the Court of the decision by the U.S. Court of Appeals for the District of Columbia in *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, No. 20-5197 (D.C. Cir. Jan. 26, 2021), a copy of which is attached hereto.

      This decision clarifies that "Tribes' unique role and their government-to-government relationship with the United States demand that their criticisms [of environmental reviews] be treated with appropriate solicitude." *Id*. at 15. In addition, the decision reiterates that, "[u]nder NEPA, an agency must look at both the probabilities of potentially harmful events and the consequences if those events come to pass." *Id.* at 26 (quoting *New York v. Nuclear Regul. Comm'n*, 681 F.3d 471, 478 (D.C. Cir. 2012)). Thus, the court explained that, "although the risk of a pipeline leak may be low, that risk is sufficient 'that a person of ordinary prudence would take it into account in reaching a decision' to approve the pipeline's placement," and the Corps must consider the "potential consequences" of such a leak. *Id*. (quoting *Sierra Club v. FERC*, 827 F. 3d 36, 47 (D.C. Cir. 2016)). Among other things, the court discussed the Corps' responsibility to conduct an oil spill analysis that fully accounts for a pipeline operator's safety record, the effects of winter conditions on spill-response efforts, and the consequences of a worst-case discharge. *Id*. at 19–26.

      By confirming that the Corps must analyze oil spills, the D.C. Circuit's decision indicates that Plaintiffs are likely to succeed, because the Corps did not independently analyze oil spills here. In addition, the decision supports issuance of a preliminary injunction, because the Corps failed to comply with NEPA *before* permitting the project here at issue. *See id*. at 32 ("As we made clear, '[p]art of the harm NEPA attempts to prevent in requiring an EIS is that, without one, there may be little if any information about *prospective* environmental harms and potential mitigation measures.'") (citation omitted).

NORTHEAST    48 WALL STREET, 15TH FLOOR    NEW YORK, NY 10005

T: 212.845.7376   F: 212.918.1556   NEOFFICE@EARTHJUSTICE.ORG   WWW.EARTHJUSTICE.ORG

        Respectfully submitted,

        <ins>/s/ *Moneen Nasmith*</ins>
        Moneen Nasmith
        *[Admitted Pro Hac Vice]*
        Alexis Andiman
        *[Admitted Pro Hac Vice]*
        Mekela Panditharatne
        *[Admitted Pro Hac Vice]*
        Earthjustice
        48 Wall Street, 15th Fl.
        New York, N.Y. 10005
        (212) 845-7376
        mnasmith@earthjustice.org
        aandiman@earthjustice.org
        mpanditharatne@earthjustice.org

        <ins>/s/ *Seth Johnson*</ins>
        Seth L. Johnson, D.C. Bar No. 1001654
        Earthjustice
        1001 G Street N.W., Ste. 1000
        Washington, D.C. 20001
        (202) 667-4500
        sjohnson@earthjustice.org

        *Attorneys for Plaintiffs*

cc:
All Counsel of Record on the Court's ECF Service List