IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, et al.<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>     Defendants<br><br>and<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP<br><br>Defendant-Intervenor. | Civil Action No. 1:20-cv-03817-CKK |

**DEFENDANT-INTERVENOR'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant-Intervenor Enbridge Energy, Limited Partnership ("Enbridge") respectfully submits this Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 36) regarding the United States Court of Appeals for the District of Columbia Circuit's recent decision in *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, No. 20-5197 (D.C. Cir. Jan. 26, 2021) ("*Standing Rock*"). Enbridge incorporates the response filed by Defendant (ECF No. 35) in full but responds separately to emphasize that the claim the D.C. Circuit addressed in *Standing Rock* is not a claim Plaintiffs pressed in arguing that they are likely to succeed on the merits.

In *Standing Rock*, the Court considered whether the Corps was required to prepare an EIS to resolve legitimate controversy over potential impacts related to oil spills. *See Standing Rock* at 12-13, 16. Here, Plaintiffs cited *Standing Rock*, but raised a distinct claim—i.e., that the

Corps had failed to consider the impacts of potential oil spills *at all*. *See* Mem. of Law in Supp. of Pls.' Mot. for Prelim. Inj. at 15 (ECF No. 2-2). That is wrong. The Corps thoroughly evaluated the potential effect of spills and leaks, relying appropriately on the substantial analyses State regulators performed. Def.'s Resp. in Opp'n to Pls.' Mot. for Prelim. Inj. at 12-19, 21-25 (ECF No. 29); Enbridge's Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. at 22-29 (ECF No. 28) ("Enbridge Mem."). Any legitimate controversy over the sufficiency of the State's analysis was resolved in State litigation and subsequent administrative proceedings. *See* Enbridge Mem. at 5-8 (describing such proceedings).

In any event, Plaintiffs did not argue in their motion and opening brief that this analysis was insufficient or that legitimate controversy over those impacts remained after the Corps' analysis, thus requiring it to prepare a separate environmental impact statement. *See* Enbridge Mem. at 28 (noting that Plaintiffs do not explain why the Corps' oil spill analysis was inadequate). Plaintiffs thus waived that argument, making the D.C. Circuit's holding in *Standing Rock* immaterial to the issues Plaintiffs actually put in play.

Dated: February 3, 2021                                Respectfully submitted,

/s/ George P. Sibley, III

George P. Sibley, III (D.C. Bar No. 1011939)
Deidre G. Duncan (D.C. Bar No. 461548)
Karma B. Brown (D.C. Bar No. 479774)
Brian Levey (D.C. Bar No. 1035683)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037-1701
(202) 955-1500
gsibley@huntonAK.com
dduncan@huntonAK.com
kbbrown@huntonAK.com
blevey@huntonAK.com

*Counsel for Defendant-Intervenor*
*Enbridge Energy, Limited Partnership*