# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 1:20 cv-03817 (CKK) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | )<br>) |
| Federal Defendant, | ) |
| and | ) |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, | )<br>) |
| Defendant-Intervenor. | ) |
| | |
| FRIENDS OF THE HEADWATERS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:21 cv-00189 (CKK) |
| UNITED STATES ARMY CORPS OF ENGINEERS; COL. KARL JANSEN, District Engineer, St. Paul District, | )<br>)<br>) |
| Federal Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO CONSOLIDATE</u>**

The United States Army Corps of Engineers ("Corps") respectfully submits this memorandum of law in support of its motion to consolidate the above-captioned cases, *Red Lake Band of Chippewa Indians, et al. v. United States Army Corps of Engineers, 1:20 cv-03817*

(CKK) (D.D.C.) with *Friends of the Headwaters v. United States Army Corps of Engineers* 1:21-cv-00189-CKK (D.D.C.). Counsel for the Corps has conferred with counsel for all of the parties in both cases. Enbridge Energy Limited, Defendant-Intervenor in *Red Lake* and Movant-Intervenor in *Friends of the Headwaters*, consents to consolidation. Plaintiffs in *Friends of the Headwaters* do not oppose consolidation, so long as they are not required to file joint briefs. Plaintiffs in *Red Lake* do not oppose consolidation, so long as consolidation does not result in delay, the index to the administrative record is submitted by April 5, 2021, and they do not have to file joint briefs.

## I.     Background

### A.     The *Red Lake* Case

On December 24, 2020, the Red Lake Band of Chippewa Indians, the White Earth Band of Ojibwe, Honor the Earth, and Sierra Club filed their Complaint, *Red Lake*, No. 1:20 cv-03817 (CKK), ECF No. 1 ("*Red Lake* Complaint"), and a motion for a preliminary injunction, *Red Lake*, No. 1:20 cv-03817 (CKK), ECF No. 2 ("*Red Lake* PI Motion") against the Corps. The Complaint includes four claims for relief against the Corps related to alleged violations of the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), and the Rivers and Harbors Act ("RHA"). *Id*. at 42-48. All allegations were brought in connection with the Corps' actions relating to portions of the Enbridge Line 3 Replacement Project, an oil pipeline replacement project that will span approximately 338 miles in Minnesota and about three-quarters of a mile in North Dakota. *Id*. at 2.

On January 9, 2021, the Court granted Enbridge Energy Limited's motion to intervene in *Red Lake*, No. 1:20 cv-03817 (CKK), ECF No. 23. On February 7, 2021, the Court denied the

*Red Lake* PI Motion, and that denial has not been appealed. *Id.*, ECF No. 39. The Corps' response to the *Red Lake* Complaint is due March 5, 2021. *Id.,* ECF No. 18. The parties must submit a joint status report setting forth a proposed schedule by March 12, 2021. *Id.,* ECF No. 39.

      **B.**      **The *Friends of the Headwaters* case**

On January 21, 2021, Friends of the Headwaters filed its complaint against the Corps and Karl Jansen in his official capacity as District Engineer, St. Paul District. *Friends of the Headwaters,* 1:21-cv-00189-CKK (D.D.C.), ECF No. 1. Plaintiffs amended the Complaint on February 16, 2021. ECF No. 13. The Amended Complaint includes two claims for relief against the Corps related to alleged violations of the APA, NEPA, and the CWA that are essentially duplicative of those asserted in the *Red Lake* Complaint, and that must be decided based on the same administrative record. *Id*. The Corps' response to the *Friends of the Headwaters* Amended Complaint is due March 29, 2021.

**II.**      **Legal Standard**

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In exercising that discretion, district courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). "Consolidation is appropriate where, as here, the cases each involve review of the same underlying decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001).

**III.  Argument**

    **A.  The Cases Involve Common Questions of Fact and Law**

The Court should consolidate the two cases because they involve common questions of law and fact.  Plaintiffs' claims and allegations are largely indistinguishable; the cases challenge the same underlying Corps actions and are predominantly based on the same legal theories under the NEPA, the CWA, and the RHA.  *See Red Lake* Compl. ¶¶ 183-217; *Friends of the Headwaters* First Am. Compl. ¶¶ 104-186.  Additionally, all Plaintiffs request similar declaratory relief, *see Red Lake* Compl. at 48; *Friends of the Headwaters* First Am. Compl. at 25-26.  Furthermore, because both sets of Plaintiffs challenge the same Corps actions, the same administrative record will form the basis for judicial review in both matters.

    **B.  Convenience and Economy Weigh in Favor of Consolidation**

Considerations of convenience and economy weigh in favor of consolidating *Red Lake* and *Friends of the Headwater*.  Consolidating the cases would conserve judicial resources and allow the parties to save time and expense.  Both cases already are before the same District Court Judge, they assert essentially the same legal claims against the same Corps actions, and those claims must be decided based on the same administrative record.  Consequently, they would be most effectively and efficiently resolved as a consolidated case.  It would further be most efficient to require plaintiffs to file a single joint (potentially overlength) brief.  Absent consolidation, the Court and the parties will expend twice the time and resources actually needed to brief, argue and resolve what is in actuality a single dispute.

Moreover, consolidation will not cause any undue delay in either case.  Both cases were filed within the past two months, and the Corps has not yet responded to the Complaint in either case.  Further, no case management plan has been entered in either of the actions.  The Corps

also is working diligently to determine the earliest date by which the administrative record can be assembled. While the Corps does not anticipate that that can be done by April 5, it will have identified the earliest practicable date in time for the parties to develop the joint proposed schedule that due to the Court on March 12, 2021. Finally, the only motion pending in either case is Enbridge Energy's unopposed motion to intervene in *Friends of the Headwaters*. *See* 1:21-cv-00189-CKK (D.D.C.), ECF No. 6. The Corps anticipates that motion eventually will be granted, as Enbridge Energy holds the challenged permits and authorization and already is an Intervenor-Defendant in *Red Band*. Consolidation would allow for all of the parties to both cases, including Enbridge Energy, to develop one record submission and briefing schedule moving forward, thereby reducing confusion, future delay, and scheduling conflicts for the parties.

**IV.   Conclusion**

For the foregoing reasons, the Corps respectfully submits that the Court should exercise its discretion and consolidate the two actions in the interest of efficiency and for the convenience of the Court and the parties.

Respectfully submitted this 4th day of March, 2021.

> JEAN E. WILLIAMS
> Acting Assistant Attorney General
> Environment and Natural Resources Division
>
> /s/ Sara E. Costello
> SARA E. COSTELLO (KS Bar No. 20898)
> MATTHEW MARINELLI
> AMANDA STONER
> Trial Attorneys
> Natural Resources Section
> U.S. Department of Justice
> Post Office Box 7611
> Washington, DC 20044-7611
> 202-305-0484
> Sara.Costello2@usdoj.gov

/s/ Heather E. Gange
HEATHER E. GANGE (DC Bar 452615)
Senior Counsel
MARK L. WALTERS
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
Post Office Box 7611
Washington, DC 20044-7611
Heather.Gange@usdoj.gov
Mark.Walters@usdoj.gov

*Attorneys for Federal Defendants*

OF COUNSEL:

MELANIE CASNER
Assistant Counsel
Office of Chief Counsel
U.S. Army Corps of Engineers