**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendants<br><br>and<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP<br><br>Defendant-Intervenor. | Civil Action No. 1:20-cv-03817-CKK |

**DEFENDANT-INTERVENOR ENBRIDGE ENERGY, LIMITED
PARTNERSHIP'S ANSWER TO COMPLAINT**

Defendant-Intervenor Enbridge Energy, Limited Partnership ("Enbridge"), by counsel, as and for its Answer and Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief filed on December 24, 2020, ECF No. 1, states as follows and, unless specifically answered otherwise, denies each and every allegation of the Complaint:

**INTRODUCTION**

1.      The allegations constitute characterizations of the complaint, which speaks for itself and is the best evidence of its content. To the extent a response is required, Enbridge denies the characterization of the Line 3 Replacement Project ("Project") in Paragraph 1.

2.      Enbridge admits that the existing Line 3 is a 34-inch diameter pipeline. Line 3 historically had an average annual capacity of 760,000 barrels per day ("bpd") though in recent

1

years, to lower the risk of failure, Enbridge reduced the volume of oil it pumps through the pipeline by half. Enbridge denies the allegations in the second sentence of Paragraph 2.  The allegations in the third and fourth sentences concern the Project route, which is best shown in the Corps Decision Document. Any allegations inconsistent with the Decision Document are denied.

3.      Enbridge admits that the Project involves construction of replacement pipeline for Line 3. Enbridge denies that the replacement Line 3 "would transport heavy sour 'dilbit' from the tar sands region in Alberta, Canada to the Clearbrook and Superior Terminals." The Project involves replacing approximately 282 miles of existing pipeline with approximately 340 miles of new pipeline. Enbridge admits that, as authorized and conditioned by the U.S Army Corps of Engineers' ("Corps") Clean Water Act ("CWA") Section 404 permit, the Project would cross 227 waterbodies. Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the final sentence of Paragraph 3, and on that basis denies the allegations. Enbridge denies all remaining allegations in Paragraph 3.

4.      Enbridge admits the allegations in Paragraph 4.

5.      Enbridge denies the allegations in the first sentence of Paragraph 5. Approximately 90 percent of the Line 3 replacement route is co-located with other Enbridge pipelines, third-party pipelines or utilities, roads, railroads or highways. With respect to the second sentence of Paragraph 5, the Project will restore Line 3's average annual capacity to its historical level of 760,000 bpd, which Enbridge had reduced by half in recent years due to the pipeline's age and deterioration. Enbridge denies the remaining allegations in Paragraph 5.

6.      Enbridge denies the allegations in Paragraph 6.

7.     The allegations constitute characterizations of the complaint, which speaks for itself and is the best evidence of its content. Enbridge denies that the Corps' issuance of the permit violates federal laws and treaties and denies that the plaintiffs are entitled to any relief.

8.     Enbridge denies the allegations in Paragraph 8.

9.     Enbridge admits that the project will require construction of temporary and permanent rights-of-way and that the details of the Project can be found in the Corps Decision Document. Enbridge denies the remaining allegations in Paragraph 9.

10.    Enbridge denies the allegations in Paragraph 10.

11.    Enbridge denies the allegations in Paragraph 11.

12.    Enbridge denies the allegations in Paragraph 12.

13.    Enbridge denies the allegations in Paragraph 13.

14.    Enbridge denies the allegations in Paragraph 14.

15.    The allegations in Paragraph 15 are characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent that a response may be required, Enbridge denies the allegations.

## JURISDICTION AND VENUE

16.    The allegations are conclusions of law regarding jurisdiction to which no response is required, and to the extent that a response may be required, the allegations are denied.

17.    The allegations are conclusions of law regarding venue to which no response is required, and to the extent that a response may be required, the allegations are denied.

## PARTIES

18.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

19.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

20.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

21.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

22.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

23.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

24.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

25.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

26.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

27.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

28.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

29.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 29, and on that basis denies the allegations. Enbridge notes that the Line 3 Replacement runs from the North

Dakota/Minnesota border down to the Minnesota/Wisconsin border, crossing portions of multiple counties and the Fond du Lac Band of Lake Superior Chippewa reservation. With respect to the allegations in the third sentence of Paragraph 29, the permit authorizes certain waterbody crossings. Enbridge denies the remaining allegations in the third sentence of Paragraph 29.

30.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

31.    Paragraph 31 contains maps, which speak for themselves and to which no response is required.

32.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

33.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

34.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

35.    The allegations in Paragraph 35 are characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent that a response may be required, Enbridge denies the allegations.

36.    Enbridge admits the allegations contained in the first and third sentences of Paragraph 36. The second sentence in paragraph 36 characterizes certain provisions of the CWA and Rivers and Harbors Act ("RHA"), which speak for themselves and are the best evidence of their content.

## STATUTORY AND REGULATORY BACKGROUND

**I.      The National Environmental Policy Act**

37.      The allegations purport to characterize certain provisions of the National

Environmental Policy Act ("NEPA") and its implementing regulations, which speak for

themselves and are the best evidence of their content and legal import, or are conclusions of law

to which no response is required. Any allegation that is inconsistent with NEPA or the

regulations is denied.

38.      The allegations purport to characterize NEPA, *Friends of the Boundary Waters*

*Wilderness v. Dombeck*, 164 F.3d 1115 (8th Cir. 1999), and *Robertson v. Methow Valley Citizens*

*Council*, 490 U.S. 332 (1989), which speak for themselves and are the best evidence of their

content and legal import, or are conclusions of law to which no response is required. Any

allegation that is inconsistent with NEPA, the Eighth Circuit decision, or the Supreme Court

decision is denied.

39.      The allegations purport to characterize 42 U.S.C. § 4332(C), which speaks for

itself and is the best evidence of its content and legal import, or are conclusions of law to which

no response is required. Any allegation that is inconsistent with 42 U.S.C. § 4332(C) is denied.

40.      The allegations purport to characterize NEPA and certain NEPA regulations,

which speak for themselves and are the best evidence of their content and legal import, or are

conclusions of law to which no response is required. Any allegation that is inconsistent with

NEPA and the regulations is denied.

41.      The allegations purport to characterize certain NEPA regulations, which speak for

themselves and are the best evidence of their content and legal import, or are conclusions of law

to which no response is required. Any allegation that is inconsistent with the NEPA regulations

is denied.

42.     The allegations purport to characterize certain NEPA regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the NEPA regulations is denied.

43.     The allegations purport to characterize *White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033 (9th Cir. 2009) and 33 C.F.R. Pt. 325, App. B §§ 7(b)(1), 7(b)(2)(A), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth Circuit's decision or the regulations is denied.

44.     The allegations purport to characterize 40 C.F.R. § 1501.4 (2019), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 1501.4 (2019) is denied.

45.     The allegations purport to characterize 40 C.F.R. § 1508.27 (2019), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 1501.27 (2019) is denied.

46.     The allegations purport to characterize 40 C.F.R. § 1508.27 (2019), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 1508.27 (2019) is denied.

47.     The allegations purport to characterize 40 C.F.R. §§ 1508.8 (2019), 1508.25 (2019), which speak for themselves and are the best evidence of their content and legal import,

or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. §§ 1508.8 (2019), 1508.25 (2019), is denied.

48.     The allegations purport to characterize *Kleppe v. Sierra Club*, 427 U.S. 390 (1976) and 40 C.F.R. §§ 1508.7 (2019), 1508.25 (2019), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decision and 40 C.F.R. §§ 1508.7 (2019), 1508.25 (2019) is denied.

49.     The allegations purport to characterize *Del. Riverkeeper Network v. Fed. Energy Regul. Comm'n*, 753 F.3d 1304 (D.C. Cir. 2014), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the D.C. Circuit decision is denied.

50.     The allegations purport to characterize *Bark v. U.S. Forest Serv.*, 958 F.3d 865 (9th Cir. 2020), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth Circuit's decision is denied.

51.     The allegations purport to characterize *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 508 F.3d 508 (9th Cir. 2007), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth Circuit's decision is denied.

52.     The allegations purport to characterize *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172 (9th Cir. 2008), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth Circuit decision is denied.

53.     The allegations purport to characterize 40 C.F.R. § 1508.25 (2019), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 1508.25 (2019) is denied.

54.     The allegations purport to characterize *New York v. Nuclear Regul. Comm'n*, 681 F.3d 471 (D.C. Cir. 2012), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the D.C. Circuit's decision is denied.

55.     The allegations purport to characterize *N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067 (9th Cir. 2011) and 40 C.F.R. § 1502.22 (2019), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the D.C. Circuit's decision or 40 C.F.R. § 1502.22 (2019) is denied.

56.     The allegations purport to characterize *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846 (9th Cir. 2005), *Sierra Club v. Sigler*, 695 F.2d 957 (5th Cir. 1983), and *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 255 F. Supp. 3d 101 (D.D.C. 2017), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the decisions is denied.

57.     The allegations purport to characterize NEPA and NEPA regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA and NEPA regulations is denied.

58.     The allegations purport to characterize NEPA and NEPA regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA and NEPA regulations is denied.

59.     The allegations purport to characterize NEPA and NEPA regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA and its regulations is denied.

60.     The allegations purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Corps' regulations is denied.

61.     The allegations purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Corps' regulations is denied.

62.     The allegations purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Corps' regulations is denied.

63.     The allegations purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law

to which no response is required. Any allegation that is inconsistent with the Corps' regulations is denied.

## II.    THE CLEAN WATER ACT

64.    The allegations purport to characterize CWA § 101(a), 33 U.S.C. § 1251(a), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with CWA § 101(a), 33 U.S.C. § 1251(a), is denied.

65.    The allegations purport to characterize 33 U.S.C. § 2317(a)(1), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 U.S.C. § 2317(a)(1) is denied.

66.    The allegations purport to characterize CWA § 404, 33 U.S.C. § 1344, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with CWA § 404, 33 U.S.C. § 1344, is denied.

67.    The allegations purport to characterize CWA § 404, 33 U.S.C. § 1344, and certain CWA regulations, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with CWA § 404, 33 U.S.C. § 1344, and CWA regulations is denied.

68.    The allegations purport to characterize the CWA, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the CWA is denied.

69.    The allegations purport to characterize CWA § 404 and 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their content and legal import, or are

conclusions of law to which no response is required. Any allegation that is inconsistent with CWA § 404 and 40 C.F.R. § 230.10 is denied.

70.    The allegations purport to characterize CWA § 404, 40 C.F.R. §§ 230.3, 230.10, and *Greater Yellowstone Coal. v. Flowers*, 359 F.3d 1257 (10th Cir. 2004), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with CWA § 404, 40 C.F.R. §§ 230.3, 230.10, or *Greater Yellowstone Coal. v. Flowers*, 359 F.3d 1257 (10th Cir. 2004) is denied.

71.    The allegations purport to characterize *Friends of the Santa Clara River v. U.S. Army Corps of Eng'rs*, 887 F.3d 906 (9th Cir. 2018) and *Del. Riverkeeper Network v. U.S. Army Corps of Eng'rs*, 869 F.3d 148 (3d Cir. 2017), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth or Third Circuit decisions is denied.

72.    The allegations purport to characterize *Del. Riverkeeper Network v. U.S. Army Corps of Eng'rs*, 869 F.3d 148 (3d Cir. 2017), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Third Circuit's decision is denied.

73.    The allegations purport to characterize 40 C.F.R. §§ 230.1, 230.10, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. §§ 230.1, 230.10 is denied.

74.     The allegations purport to characterize 40 C.F.R. § 230.10, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 230.10 is denied.

75.     The allegations purport to characterize *Greater Yellowstone Coal.*, 359 F.3d at 1269 and 40 C.F.R. § 1506.5(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with *Greater Yellowstone Coalition* and 40 C.F.R. § 1506.5(a) is denied.

## III.     THE RIVERS AND HARBORS ACT

76.     The allegations purport to characterize the RHA, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the RHA is denied.

77.     The allegations purport to characterize the RHA and 33 C.F.R. § 329.4, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the RHA and 33 C.F.R. § 329.4 is denied.

78.     The allegations purport to characterize Section 10 of the RHA, 33 U.S.C. § 403, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with Section 10 of the RHA is denied.

79.     The allegations purport to characterize 33 C.F.R. § 322.3, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 322.3 is denied.

80.     The allegations purport to characterize Section 408 of the RHA and 33 C.F.R. § 320.4(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with Section 408 of the RHA and 33 C.F.R. § 320.4(a) is denied.

81.     The allegations purport to characterize Section 408 of the RHA and NEPA, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with Section 408 of the RHA and NEPA is denied. The phrase "other environmental compliance requirements" is too vague and ambiguous to permit a meaningful response, so to the extent a response is required, Enbridge denies the allegation on that basis.

## IV.   CORPS' PERMITTING REGULATIONS

82.     The allegations purport to characterize 33 C.F.R. § 320.4(a), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(a) is denied.

83.     The allegations purport to characterize 33 C.F.R. § 320.4(a)(1), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(a)(1) is denied.

84.     The allegations purport to characterize 33 C.F.R. § 320.4(a)(1), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(a)(1) is denied.

85.     The allegations purport to characterize 33 C.F.R. § 320.4(e), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(e) is denied.

86.     The allegations purport to characterize 33 C.F.R. § 320.4(q), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(q) is denied.

87.     The allegations purport to characterize NEPA and *Sierra Club v. Van Antwerp*, 709 F. Supp. 2d 1254 (S.D. Fla. 2009), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the Southern District of Florida's decision is denied.

88.     The allegations purport to characterize 33 C.F.R. § 325.1(d)(2), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 325.1(d)(2) is denied.

## V.     TREATY RIGHTS AND FEDERAL GOVERNMENT TRUST OBLIGATIONS

89.     The first and second sentences of Paragraph 89 purport to characterize certain treaties and negotiations, which speak for themselves and are the best evidence of their content and legal import.  The allegations in the third sentence of Paragraph 89 purport to characterize various treaties, *United States v. Winans*, 198 U.S. 371, 381 (1905), and *State v. Jackson*, 16 N.W.2d 752, 755 (Minn. 1944), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the treaties or court decisions is denied.

90.     The allegations purport to characterize Treaty with the Chippewa, July 29, 1837, 7 Stat. 536, art. 1 ("1837 Treaty"), which speaks for itself and is the best evidence of its content

and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the 1837 Treaty is denied.

91.     The allegations purport to characterize 10 Stat. 1165 (1855) ("1855 Treaty"), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the 1855 Treaty is denied.

92.     The allegations purport to characterize *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172 (1999), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decision is denied.

93.     The allegations purport to characterize a Treaty with the Chippewa, Red Lake and Pembina Bands, Oct. 2, 1863, 13 Stat. 667, art. 2 ("1863 Treaty") and Treaty with the Chippewa, Red Lake and Pembina Bands, Apr. 12, 1864, 13 Stat. 689, art. 2 ("1864 Treaty"), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the treaties is denied.

94.     The allegations purport to characterize 16 Stat. 719 (1867) ("1867 Treaty"), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the 1867 Treaty is denied.

95.     The allegations purport to characterize the Act of June 23, 1926, 44 Stat. 763, as amended by Act of July 24, 1935, 49 Stat. 496 and *Minnesota v. United States*, 125 F.2d 636 (8th Cir. 1942), which speak for themselves and are the best evidence of their content and legal

import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the statute or court decision is denied.

96.     The allegations purport to characterize U.S. Const. art. VI, cl. 2, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with U.S. Const. art. VI, cl. 2 is denied.

97.     The allegations purport to characterize *United States v. Adair*, 723 F.2d 1394, 1411 (9th Cir. 1983), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Ninth Circuit's decision is denied.

98.     The allegations purport to characterize *Herrera v. Wyoming*, 139 S. Ct. 1686 (2019) and *Menominee Tribe of Indians v. United States*, 391 U.S. 404 (1968), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decisions is denied.

99.     The allegations purport to characterize *Choctaw Nation v. United States*, 318 U.S. 423 (1943) and *Mille Lacs Band of Chippewa Indians*, 526 U.S. at 196, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decisions is denied.

100.     The allegations purport to characterize *Nw. Sea Farms, Inc. v. U.S. Army Corps of Eng'rs*, 931 F. Supp. 1515 (W.D. Wash. 1996), *Confederated Tribes of the Umatilla Indian Reservation v. Alexander*, 440 F. Supp. 553 (D. Or. 1977), and *Nance v. E.P.A.*, 645 F.2d 701

(9th Cir. 1981), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with those decisions is denied.

101.    The allegations purport to characterize *Winters v. United States*, 207 U.S. 564 (1908) and the Working Group in Indian Water Settlements; Criteria and Procedures for the Participation of the Federal Government in Negotiations for the Settlement of Indian Water Rights Claims, 55 Fed. Reg. 9,223, 9,223 (Mar. 12, 1990), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decision or the Federal Register notice is denied.

102.    The allegations purport to characterize *Seminole Nation v. United States*, 316 U.S. 286 (1942), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Supreme Court's decision is denied.

103.    The allegations purport to characterize the Corps' Tribal Consultation Policy, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Corps' Tribal Consultation Policy is denied.

104.    The allegations purport to characterize *Nw. Sea Farms*, 931 F. Supp. at 1520 and the U.S. Department of Defense's *American Indian and Alaska Native Policy* of 2000, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the court decision or the policy is denied.

105.    The allegations purport to characterize United Nations Declaration on the Rights of Indigenous Peoples and a U.S. Department of State press release, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Declaration or the press release is denied.

## VI.    ENVIRONMENTAL JUSTICE

106.    The allegations purport to characterize Executive Order 12,898, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Executive Order is denied.

107.    The allegations purport to characterize *Standing Rock Sioux Tribe*, 255 F. Supp. 3d at 140, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the decision is denied.

108.    The allegations purport to characterize Exec. Order 12,898 § 6-609, *Sierra Club v. Fed. Energy Regul. Comm'n*, 867 F.3d 1357, 1368 (D.C. Cir. 2017) and *Cmtys. Against Runway Expansion, Inc. v. F.A.A.*, 355 F.3d 678, 689 (D.C. Cir. 2004), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the executive order or either of the D.C. Circuit's decisions is denied.

## FACTUAL ALLEGATIONS

109.    Enbridge admits that on September 21, 2018, it submitted a request for approval pursuant to Section 14 of the RHA, 33 U.S.C. § 408. On September 21, 2018, Enbridge also submitted a revised permit application, pursuant to Section 404 of the CWA and Section 10 of the RHA.

110.    Enbridge admits that it submitted updated Project information in January 2020, which speaks for itself and is the best evidence of its content. Any allegation that is inconsistent with that material is denied.

111.    The first sentence of Paragraph 111 constitutes a conclusion of law to which no response is required. Enbridge denies the allegations in the second sentence of Paragraph 111.

## I.    THE PROJECT

112.    Enbridge admits that the existing Line 3 was built in the 1960s and runs from the Canadian border to Superior, Wisconsin. Enbridge admits that it proposes to replace Line 3 using wider and thicker pipe and that the replacement Line 3 will return the pipeline's capacity to its historical capacity. Enbridge denies the remaining allegations in Paragraph 112.

113.    Enbridge admits the allegations in Paragraph 113.

114.    Enbridge admits the allegations in Paragraph 114.

115.    Enbridge admits that the Project will offer capacity to transport an annual average of 760,000 bpd. Enbridge denies the remaining allegations in Paragraph 115.

116.    Enbridge denies the allegations in Paragraph 116.

117.    Enbridge admits that the allegations in Paragraph 117.

118.    Enbridge admits that the allegations in Paragraph 118, with the exception of the phrase "significant length of pipeline in Canada," which is ambiguous and is denied on that basis.

119.    Paragraph 119 purports to characterize the Corps Permit, which speaks for itself and is the best evidence of its content. Any allegation that is inconsistent with the Corps Permit is denied.

120.    Enbridge admits that the Permit authorizes crossings of the Red River of the North, Red Lake River, and the Mississippi River. Whether a water is "traditionally navigable"

constitutes a legal conclusion to which no response is required.  The remaining allegations purport to characterize the Corps Permit, which speaks for itself and is the best evidence of its content.  Any allegation that is inconsistent with the Corps permit is denied.

121.    Paragraph 121 purports to characterize the Corps Permit, which speaks for itself and is the best evidence of its content. Any allegation that is inconsistent with the Corps Permit is denied.

122.    Enbridge admits that the Project will cross the Fond du Lac Indian Reservation. Enbridge denies the remaining allegations in Paragraph 122.

123.    Enbridge denies the allegations in the first two sentences of Paragraph 123. Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 123, and on that basis denies the allegations.

124.    Enbridge denies the allegations in the first sentence of Paragraph 124, and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentences of Paragraph 124. The allegations in the third sentence of Paragraph 124 purport to characterize Minn. Statutes § 103G.223, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with Minn. Statutes § 103G.223 is denied.

125.    Enbridge denies the allegations in Paragraph 125.

126.    Enbridge admits that the Project will cross the Straight River. Enbridge denies the remaining allegations in Paragraph 126.

127.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127.

**II.    THE PERMIT APPLICATION**

128.    Enbridge denies the allegations in Paragraph 128.

129.    Enbridge denies the allegations in Paragraph 129.

130.    Enbridge denies the allegations in Paragraph 130.

131.    Enbridge denies the allegations in Paragraph 131.

132.    Enbridge denies the allegations in Paragraph 132.

133.    Enbridge denies the allegations in Paragraph 133.

134.    Enbridge denies the allegations in Paragraph 134.

135.    Enbridge denies the allegations in Paragraph 135.

136.    Enbridge denies the allegations in Paragraph 136.

137.    Enbridge admits that it proposes to use horizontal directional drilling at 21 crossings. Enbridge denies the remaining allegations of Paragraph 137.

138.    Paragraph 138 purports to characterize the Corps Decision Document, which speaks for itself and is the best evidence of its content. Any allegation that is inconsistent with the Corps Decision Document is denied.

### III.    THE CORPS' ISSUANCE OF THE PERMIT

139.    Enbridge admits that on November 23, 2020, the Corps issued a permit under CWA § 404 authorizing Enbridge to discharge dredged and fill material into waters of the United States and the crossing of three RHA Section 10 waters. Enbridge denies the remaining allegations.

140.    Enbridge admits that the Permit references a November 2020 Environmental Protection Plan. Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 140 and denies the allegations on that basis.

141.    Enbridge admits the allegations in the first sentence of Paragraph 141. The remaining allegations in Paragraph 141 purport to characterize the Corps' authorization, which

speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the authorization is denied.

142.     Enbridge admits that the Corps prepared a combined Environmental Assessment, Section 404(b)(1) Guidelines Evaluation, Public Interest Review, and Statement of Findings for the Project ("Decision Document"). Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142, and on that basis denies the allegations.

143.     The allegations in Paragraph 143 purport to characterize the Permit and Decision Document, which speak for themselves and are the best evidence of their content and legal import. Any allegation that is inconsistent with the Permit and Decision Document is denied.

144.     The allegations in Paragraph 144 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

145.     The allegations in Paragraph 145 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

146.     The allegations in Paragraph 146 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

147.     The allegations in Paragraph 147 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

148.    The allegations in Paragraph 148 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

149.    The allegations in Paragraph 149 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

150.    The allegations in Paragraph 150 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

151.    The allegations in Paragraph 151 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

152.    The allegations in Paragraph 152 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

153.    The allegations in Paragraph 153 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

154.    The allegations in Paragraph 154 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

155.    The allegations in Paragraph 155 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

156.    The allegations in Paragraph 156 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

157.    The allegations in Paragraph 157 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

158.    The allegations in Paragraph 158 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

159.    The allegations in Paragraph 159 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

160.    The allegations in Paragraph 160 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

161.    The allegations in Paragraph 161 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

162.    The allegations in Paragraph 162 purport to characterize the Decision Document, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Decision Document is denied.

## IV.    RISK OF OIL SPILLS

163.    Enbridge denies the allegations in Paragraph 163.

164.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164, and on that basis denies the allegations.

165.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165, and on that basis denies the allegations.

166.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166, and on that basis denies the allegations.

167.    Enbridge admits that on July 26, 2010, it reported that it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010.  Enbridge denies the remaining allegations in Paragraph 167.

168.    Enbridge denies the allegations in Paragraph 168.

169.    Enbridge denies the allegations in Paragraph 169.

170.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170, and on that basis denies the allegations.

171.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171, and on that basis denies the allegations.

172.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172, and on that basis denies the allegations.

173.    Enbridge denies the allegations in Paragraph 173.

## V.     CLIMATE IMPACTS

174.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174, and on that basis denies the allegations.

175.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175, and on that basis denies the allegations.

176.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176, and on that basis denies the allegations.

177.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177, and on that basis denies the allegations.

178.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178, and on that basis denies the allegations.

179.    Enbridge admits that the Line 3 replacement will increase Line 3's capacity to 760,000 bpd and ultimately up to 915,000 bpd. Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 179, and on that basis denies the allegations.

180.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 180, and on that basis denies the allegations.

181.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 181, and on that basis denies the allegations.

182.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 182, and on that basis denies the allegations.

## FIRST CLAIM FOR RELIEF

**The Corps' Failure to Adequately Consider the Direct, Indirect and Cumulative Impacts of Its Permit Action Violated the National Environmental Policy Act and the Administrative Procedure Act**

183.    Enbridge incorporates by reference its answers to the preceding paragraphs.

184.    The allegations purport to characterize *Sierra Club, Inc. v. Bostick*, 787 F.3d 1043 (10th Cir. 2015) (McHugh, J., concurring) and *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113 (9th Cir. 2005), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the concurring opinion or the Ninth Circuit's decision is denied.

185.    Enbridge denies the allegations in Paragraph 185.

186.    Enbridge denies the allegations in Paragraph 186.

187.    The allegations are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

188.    Enbridge denies the allegations in Paragraph 188.

189.    The allegations are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

190.    Enbridge denies the allegations in Paragraph 190.

191.    Enbridge denies the allegations in Paragraph 191.

192.    Enbridge denies the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 purport to characterize various treaties with the Tribes, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations in Paragraph 193.

194.    The allegations are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

195.    The allegations are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

## SECOND CLAIM FOR RELIEF

**The Corps' Failure to Prepare an EIS Violated the National Environmental Policy Act and the Administrative Procedure Act**

196.    Enbridge incorporates by reference its answers to the preceding paragraphs.

197.    The allegations are conclusions of law to which no response is required.

198.    Enbridge admits that the Project could not go forward without the Permit. Enbridge denies the remaining allegations in Paragraph 198.

199.    Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 199, and on that basis denies the allegations.

200.    Enbridge denies the allegations in Paragraph 200.

201.    Enbridge admits that the Project involves approximately 340 miles of new pipeline. The Permit authorizes the temporary discharge of dredge or fill material into approximately 1,049.58 acres of wetlands and permanent discharge of dredge or fill material into approximately 9.97 acres of wetlands. Enbridge denies the remaining allegations in Paragraph 201.

202.    Enbridge denies the allegations in Paragraph 202.

203.    The allegations constitute legal conclusions to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

## THIRD CLAIM FOR RELIEF

**The Corps' Failure to Evaluate All Relevant Factors, Including Cumulative Impacts, and to Choose the Least Damaging Practicable Alternative Violated Clean Water Act § 404 and the Administrative Procedure Act**

204.   Enbridge incorporates by reference its answers to the preceding paragraphs.

205.   The allegations purport to characterize 40 C.F.R. § 230.10(a)(2), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 40 C.F.R. § 230.10(a)(2) is denied.

206.   Enbridge denies the allegations in Paragraph 206.

207.   The allegations purport to characterize the Corps Decision Document, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

208.   The allegations purport to characterize the Corps Decision Document and Permit, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

209.   The allegations purport to characterize the Corps Decision Document and Permit, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

210.   The allegations constitute conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

## FOURTH CLAIM FOR RELIEF

**The Corps' Inadequate Public Interest Review Violated the Clean Water Act, the Rivers and Harbors Act, the Corps' Own Permitting Regulations, and the Administrative Procedure Act**

211.    Enbridge incorporates by reference its answers to the preceding paragraphs.

212.    The allegations purport to characterize 33 C.F.R. § 320.4(a), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(a) is denied.

213.    The allegations purport to characterize 33 C.F.R. § 320.4(a)(1), which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with 33 C.F.R. § 320.4(a)(1) is denied.

214.    The allegations constitute conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

215.    The allegations constitute conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

216.    The allegations purport to characterize the Corps' Decision Document, which speaks for itself and is the best evidence of its content and legal import, and are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

217.    The allegations are conclusions of law to which no response is required. To the extent that a response is required, Enbridge denies the allegations.

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required.  To the extent that a response may be required, Enbridge denies that Plaintiffs are entitled to the relief requested, or to any relief.

**I.      GENERAL DENIAL**

Enbridge denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

**II.     DEFENSES**

1.      Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver to the extent Plaintiffs' claims rest on contentions that were not raised with the agencies during the administrative process.

4.      Plaintiffs' claims are barred, in whole or in part, by issue and/or claim preclusion.

5.      Any defenses pleaded by other defendants and not specifically pleaded by Enbridge are incorporated herein to the extent they do not conflict with the defenses expressly stated above.

6.      Enbridge hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings of this case.

**III.    RESERVATION OF RIGHTS**

Enbridge respectfully reserves the right to amend this Answer to assert any additional affirmative defenses that it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery of Plaintiffs' claims.

Dated: March 5, 2021

Respectfully submitted,

/s/ George P. Sibley, III

George P. Sibley, III (D.C. Bar No. 1011939)
Deidre G. Duncan (D.C. Bar No. 461548)
Karma B. Brown (D.C. Bar No. 479774)
Brian Levey (D.C. Bar No. 1035683)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC  20037-1701
(202) 955-1500
gsibley@huntonAK.com
dduncan@huntonAK.com
kbbrown@huntonAK.com
blevey@huntonAK.com

*Counsel for Defendant-Intervenor*
*Enbridge Energy, Limited Partnership*

33