UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, *et al.*,<br>                  Plaintiffs,<br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br>            Federal Defendant,<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP,<br><br>            Intervenor-Defendant. | Civil Action No. 20-3817 (CKK) |

**JOINT STATUS REPORT**

Plaintiffs Red Lake Band of Chippewa Indians, et al. ("Plaintiffs"), Federal Defendant United States Army Corps of Engineers ("Federal Defendant"), and Intervenor-Defendant Enbridge Energy, Limited Partnership ("Intervenor-Defendant") have conferred and hereby jointly submit their respective scheduling proposals below for the Court's consideration.

**I.      Background**

Plaintiffs seek judicial review of Federal Defendant's issuance of a (1) a Section 404 Clean Water Act ("CWA") permit, (2) a Section 408 Rivers & Harbors Act ("RHA") permit, and (3) those permits' accompanying National Environmental Policy Act ("NEPA") documents under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. *See* Compl., ¶¶ 183–217, ECF No. 1.  The Court has ordered the Parties to submit a Joint Status Report setting forth a proposed schedule for proceeding in this matter, including requested dates for briefing dispositive motions.  ECF No. 39.

The Parties agree that this case should be decided based on the administrative record compiled by Federal Defendant. *See* 5 U.S.C. § 706 (providing that the Court's review shall be based on "the whole record or those parts of it cited by a party"). The Parties further submit that, in accordance with standard practice in actions for review on an administrative record, this matter should be resolved on cross-motions for summary judgment based on the administrative record. *See Amador Cty. v. S.M.R. Jewell*, 170 F. Supp. 3d 135, 141 (D.D.C. 2016), *aff'd sub nom. Amador Cty., California v. United States Dep't of the Interior*, 707 F. App'x 720 (D.C. Cir. 2017) ("[C]laims brought pursuant to the APA are appropriately decided on summary judgment based solely upon the administrative record that existed at the time of the agency's decision."). The Parties agree that because this case can be decided on the record, consistent with LCvR 7(h)(2), the Parties should submit a statement of facts with references to the administrative record in their cross-motions for summary judgment.

On March 4, 2021, Federal Defendant moved to consolidate this case with *Friends of the Headwaters v. United States Army Corps of Engineers* 1:21-cv-00189-CKK (D.D.C.). Plaintiffs' opposition to this motion is due no later than March 19, 2021, and Federal Defendant's reply is due no later than March 26, 2021. Intervenor-Defendant filed an unopposed motion to intervene in No. 1:21-cv-00189-CKK. That motion awaits decision.

The Parties have conferred with counsel for Plaintiff Friends of the Headwaters on the proposed case management schedule. Plaintiff Friends of the Headwaters stated that its position is the same as the Red Lake Plaintiffs.

**II.     Proposed Case Management Schedule**

Though the Parties were able to reach a compromise on many of the procedural aspects of the litigation schedule, the Parties' positions diverge on specific dates.

**a. Procedure for the production and lodging of the agency administrative record and informal negotiations among the Parties to attempt to resolve any disputes over the contents of the administrative record:**

*Federal Defendant's Position:*

Pursuant to Local Civil Rule 7(n)(1), Federal Defendant must file a certified list of the contents of the administrative record with the Court by April 5, 2021. Federal Defendant's proposal extends that deadline by 30 days until May 5, 2021. Federal Defendant needs this additional time to compile and organize the administrative record, which is voluminous and covers several years and materials from underlying state proceedings. Compilation of the administrative record is also affected by the novel coronavirus disease (COVID-19). The Corps is currently operating under social distancing protocols, which has created obstacles for staff to access and review the documents that will be included in the administrative record. Further, certain documents within the administrative record contain sensitive tribal cultural site information and security-related information. Additional time is needed to make this assessment and to propose a suitable method of protecting this information.

*Plaintiffs' Position:*

Local Civil Rule 7(n)(1) requires administrative agencies to file a certified list of the contents of the administrative record within 30 days following service of the answer to the complaint—here, by April 5, 2021. Federal Defendant fails to justify its request to double that timeframe. Plaintiffs are sympathetic to the work-process changes necessitated by the COVID-19 pandemic. Over the past year, they—and, in particular, the Red Lake Band of Chippewa Indians and the White Earth Band of Ojibwe—have been harmed by that pandemic at least as severely as Federal Defendant. However, Plaintiffs filed their complaint on December 24, 2020. By April 5, 2021, Federal Defendant will have had 102 days to compile its administrative record,

during which time Intervenor-Defendant will have pursued construction of the project here at issue without delay. Federal Defendant's request to double the timeframe for production of the certified list will prejudice Plaintiffs by delaying the completion of briefing while construction continues. To accommodate Federal Defendant's social distancing protocols, Plaintiffs are willing to receive the certified list on a piecemeal, rolling basis.

*Intervenor-Defendant's Position*:

Intervenor-Defendant supports Federal Defendant's position.

| Event | Federal Defendant's Proposal | Plaintiffs' Proposal |
|---|---|---|
| Federal Defendant will file a certified list of the contents of the administrative record with the Court and provide Plaintiffs and Intervenor-Defendant with an electronic copy of the administrative record. | May 5, 2021 | April 5, 2021 |
| Plaintiffs and Intervenor-Defendant will: (1) identify and communicate to Federal Defendant any issues regarding completeness of the record and/or any requests for the admission of extra record evidence; and (2) provide Federal Defendant with copies of any materials they seek to include in the administrative record or admit as extra record evidence. | May 19, 2021 (14 Days) | April 19, 2021 (14 Days) |
| Federal Defendant will respond to any issues raised by Plaintiffs or Intervenor-Defendant regarding the contents of the administrative record and the admission of extra record evidence. The Parties thereafter will attempt in good faith to resolve any issues that are raised.[1] | June 1, 2021 (13 Days) | April 30, 2021 (11 Days) |

---

[1] Local Rule 7(m): Parties have a duty to confer on non-dispositive motions and make a good faith effort to narrow areas of disagreement.

b. **Procedure for cross-motions for summary judgment or motion(s) challenging the contents of the agency administrative record and/or seeking to admit extra record evidence:**

*Federal Defendant's Position:*

Federal Defendant has set forth a schedule for briefing cross-motions for summary judgment below. But if Plaintiffs or Intervenor-Defendant file a motion challenging the contents of the administrative record and/or seeking to admit extra record evidence, Federal Defendant's position is that: 1) any oppositions and replies will be filed in accordance with the time frames established in LCvR 7; 2) briefing on the Parties' summary judgment motions will be stayed pending resolution of the motion(s); and, 3) and the Parties will submit a joint status report to the Court with a new proposed case management/summary judgment schedule 7 days from a final decision on Plaintiffs' or Intervenor-Defendant's motion(s).

| Event | Federal Defendant's Proposal |
|---|---|
| Plaintiffs will jointly file their opening motion for summary judgment.<br>• Deadline for Plaintiffs or Intervenor-Defendant to file a motion challenging the contents of the administrative record and/or seeking to admit extra record evidence. | June 8, 2021 (7 days after Federal Defendant responds to any issues raised by Plaintiffs or Intervenor-Defendant regarding the contents of the administrative record and the admission of extra record evidence.) |
| **If no motions challenging the contents of the administrative record and/or seeking to admit extra record evidence are filed, the following deadlines apply:**<br><br>Federal Defendant will file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. | July 9, 2021 (31 days) |

5

| | |
|---|---|
| Intervenor-Defendant will file its combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. | July 16, 2021 (38 days) (7 days from Federal Defendant's response) |
| Plaintiffs Red Lake Band of Chippewa Indians, et al and Friends of the Headwaters will jointly file their combined response to Federal Defendant's and Intervenor-Defendant's cross-motions for summary judgment and reply in support of Plaintiffs' motion for summary judgment. | August 6, 2021 (21 days from Intervenor-Defendant deadline / 28 days from Federal Defendant deadline) |
| Federal Defendant will file its reply in support of its cross-motion for summary judgment | August 27, 2021 (21 days) |
| Intervenor-Defendant will file their respective reply in support of their cross-motions for summary judgment. | September 1, 2021 (26 days) (5 days from Federal Defendant's reply deadline) |

*Plaintiffs' Position*:

    Plaintiffs' proposed schedule takes the timeframes set out in this Court's rules as a starting point, adding a modest amount of additional time for the Parties' convenience and in recognition of the complex issues here at stake, but avoiding unnecessary, prejudicial delay. Plaintiffs' proposed schedule differs from Federal Defendant's proposed schedule primarily by including an earlier starting date, which reflects Plaintiffs' desire to adhere to the timeline for filing a certified list of the contents of the administrative record set out in Local Civil Rule 7(n)(1). As explained above, Plaintiffs would be prejudiced by a briefing schedule that delays resolution of this case while construction continues. However, to ensure that Plaintiffs can address the issues raised by Federal Defendant and Intervenor-Defendant in a comparable level of detail, Plaintiffs respectfully request that—if this Court does not grant their proposed schedule in full—the Court grant them an amount of time for briefing that is proportionate to the amount of time granted to Federal Defendant and Intervenor-Defendant.

6

| Event | Plaintiffs' Proposal |
|---|---|
| Plaintiffs Red Lake Band of Chippewa Indians, et al and Friends of the Headwaters will file their separate opening motions for summary judgment.<br><br>• Deadline for Plaintiffs or Intervenor-Defendant to file a motion challenging the contents of the administrative record and/or seeking to admit extra record evidence. | May 7, 2021 (7 days after Federal Defendant responds to any issues raised by Plaintiffs or Intervenor-Defendant regarding the contents of the administrative record and the admission of extra record evidence.) |
| Federal Defendant will file its combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment.<br><br>• Deadline for Federal Defendant to respond to Plaintiffs' or Intervenor-Defendant's motion re: record evidence. | June 7, 2021 (31 days) |
| Intervenor-Defendant will file its combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. | June 14, 2021 (38 days) (7 days from Federal Defendant's response) |
| Plaintiffs Red Lake Band of Chippewa Indians, et al and Friends of the Headwaters will jointly file their combined response to Federal Defendant's and Intervenor-Defendant's cross-motions for summary judgment and reply in support of Plaintiffs' motion for summary judgment.<br><br>• Deadline for Plaintiffs or Intervenor-Defendant to reply re: record evidence. | July 2, 2021 (18 days from Intervenor-Defendant deadline / 25 days from Federal Defendant deadline) |
| Federal Defendant will file its reply in support of its cross-motion for summary judgment | July 19, 2021 (17 days) |
| Intervenor-Defendant will file their respective reply in support of their cross-motions for summary judgment. | July 23, 2021 (21 days) (4 days from Federal Defendant's reply deadline) |

*Intervenor-Defendant's Position*:

Intervenor-Defendant supports Federal Defendant's position.

c. **Deadline to file appendix of cited documents, irrespective of tables (b) and (c) above.**

| Event | Date |
|---|---|
| Plaintiffs will file an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion with the Court. | Within 14 days following final memorandum on summary judgment |

d. **Page numbers for summary judgment briefing.**

| | Federal Defendant's Proposal | Plaintiffs' Proposal |
|---|---|---|
| Plaintiffs' motion(s) for summary judgment | 45 pages | Together, 45 pages (to be divided between Plaintiffs' separate MOLs, at Plaintiffs' discretion)[2] |
| Federal Defendant's combined cross-motion for summary judgment and opposition to Plaintiffs' motion(s) for summary judgment | 60 pages | 60 pages |
| Intervenor-Defendant's combined cross-motion for summary judgment and opposition to Plaintiffs' motion(s) for summary judgment | 30 pages | 30 pages |
| Plaintiffs' combined response to Federal Defendant's and Intervenor-Defendant's motion for summary judgment and reply in support of Plaintiffs' motion(s) for summary judgment | 70 pages | Together, 70 pages (to be divided between Plaintiffs' separate response/replies, at Plaintiffs' discretion) |

---

[2] Plaintiffs—in particular, the Red Lake Band of Chippewa Indians and the White Earth Band of Ojibwe, which are sovereign nations—oppose Federal Defendant's request that they file a single joint brief with an organization with which they elected not to partner in this matter. Federal Defendant has made no showing to justify requiring this of Plaintiff sovereign nations, while Federal Defendant and Intervenor-Defendant will not be required to file a joint brief.

| | | |
|---|---|---|
| Federal Defendant's reply in support of their cross-motion for summary judgment | 30 pages | 20 pages |
| Intervenor-Defendant's reply in support of its cross-motion for summary judgment | 10 pages | 10 pages |

Respectfully submitted this 12th day of March, 2021.

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ Amanda M. Stoner
AMANDA M. STONER (MD Bar 2012180040)
MATTHEW MARINELLI
SARA E. COSTELLO
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, DC 20044-7611
202-598-0881
amanda.stoner@usdoj.gov

MARK L. WALTERS
Trial Attorney
HEATHER E. GANGE (DC Bar 452615)
Senior Counsel
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, DC 20044-7611
Mark.Walters@usdoj.gov
Heather.Gange@usdoj.gov

*Attorneys for Federal Defendants*


/s/ Moneen Nasmith
Moneen Nasmith

*[Admitted Pro Hac Vice]*
Alexis Andiman
*[Admitted Pro Hac Vice]*
Mekela Panditharatne
*[Admitted Pro Hac Vice]*
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7376
mnasmith@earthjustice.org
aandiman@earthjustice.org
mpanditharatne@earthjustice.org

Seth L. Johnson, D.C. Bar No. 1001654
Earthjustice
1001 G St. NW, Ste. 1000
Washington, D.C. 20001
(202) 667-4500
sjohnson@earthjustice.org

*Attorneys for Plaintiffs*


/s/ George P. Sibley
George P. Sibley, III (D.C. Bar No. 1011939)
Deidre G. Duncan (D.C. Bar No. 461548)
Karma B. Brown (D.C. Bar No. 479774)
Brian Levey (D.C. Bar No. 1035683)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037-1701
(202) 955-1500
gsibley@huntonAK.com
dduncan@huntonAK.com
kbbrown@huntonAK.com
blevey@huntonAK.com

*Attorneys for Defendant-Intervenor*