

September 1, 2021

<u>Via</u> CM/ECF

The Honorable Colleen Kollar-Kotelly
United States District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001
Room 1225

      Re:    *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*,
             Case No. 1:20-cv-3817; Supplemental Authority

Dear Judge Kollar-Kotelly:

On behalf of Red Lake Band of Chippewa Indians, White Earth Band of Ojibwe, Honor the Earth, and Sierra Club, plaintiffs in the above-captioned case, we write to notify the Court of the decision by the U.S. District Court for the District of Alaska in *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*, No. 20-cv-00290 (D. Alaska Aug. 18, 2021), a copy of which is attached hereto.

The court held that the Bureau of Land Management's ("BLM") Environmental Impact Statement for a proposed oil and gas development project was arbitrary and capricious because BLM failed to "either give[] a quantitative estimate of the downstream greenhouse gas emissions that will result from consuming oil abroad or explain[] more specifically why it could not have done so." *Id.* at 34 (quoting *Ctr. for Biological Diversity v. Bernhardt*, 982 F.3d 723, 740 (9th Cir. 2020)) (internal quotation marks omitted). The court concluded that *Department of Transportation v. Public Citizen*, 541 U.S. 752 (2004), did not relieve BLM of its duty to consider greenhouse gas emissions. Unlike in *Public Citizen*, where the Federal Motor Carrier Safety Administration had no authority to address the environmental effects of allowing Mexican motor carriers to operate in the United States, "BLM does have statutory authority over the environmental consequences stemming from the [development project]" because BLM has authority to mitigate the adverse effects of oil and gas leasing on the surface resources of the National Petroleum Reserve in Alaska. *Id.* at 33–34. Thus, "*Public Citizen* [was] inapposite." *Id.* at 34.

This decision supports Plaintiffs' argument that the Corps' Environmental Assessment is arbitrary and capricious because the Corps failed to consider the greenhouse gas emissions that will result from the production and combustion of oil transported through Line 3, along with their contribution to climate change. The Corps has "authority over the environmental consequences stemming from the [issuance of permits under Sections 404 and 408]," *id.*, because

it must deny a permit that is contrary to the public interest, and the public interest determination includes environmental concerns.  Thus, *Public Citizen* is inapposite here.

        Respectfully submitted,

        */s/ Moneen Nasmith*
        Moneen Nasmith
        *[Admitted Pro Hac Vice]*
        Alexis Andiman
        *[Admitted Pro Hac Vice]*
        Mekela Panditharatne
        *[Admitted Pro Hac Vice]*
        Kara Goad
        *[Admitted Pro Hac Vice]*
        Earthjustice
        48 Wall Street, 15th Fl.
        New York, N.Y. 10005
        (212) 845-7376
        mnasmith@earthjustice.org
        aandiman@earthjustice.org
        mpanditharatne@earthjustice.org
        kgoad@earthjustice.org

        */s/ Seth Johnson*
        Seth L. Johnson, D.C. Bar No. 1001654
        Earthjustice
        1001 G Street N.W., Ste. 1000
        Washington, D.C. 20001
        (202) 667-4500
        sjohnson@earthjustice.org

        *Attorneys for Plaintiffs*

cc:
All Counsel of Record on the Court's ECF Service List