UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 1:20 cv-03817 (CKK) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) |
| Federal Defendant, | ) ) |
| and | ) ) |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, | ) ) |
| Defendant-Intervenor. | ) |

| | |
|---|---|
| FRIENDS OF THE HEADWATERS, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 1:21 cv-00189 (CKK) |
| UNITED STATES ARMY CORPS OF ENGINEERS, COL. KARL JANSEN, District Engineer, St. Paul District, | ) ) ) ) |
| Federal Defendants, | ) ) |
| and | ) ) |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, | ) ) |
| Defendant-Intervenor. | ) |

1

### FEDERAL DEFENDANTS' RESPONSE TO
### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Federal Defendants provide this response to Plaintiffs Red Lake Band of Chippewa Indians, *et al.*'s letter and notice of supplemental authority (ECF Nos. 81, 82) discussing the opinion issued in *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*, No. 20-cv-290 (D. Alaska Aug. 18, 2021) (*Sovereign Iñupiat* Op.). Plaintiffs point to a portion of the opinion that discusses *Department of Transportation v. Public Citizen*, 541 U.S. 752 (2004).

*Sovereign Iñupiat* does not support Plaintiffs' case. *Sovereign Iñupiat* upheld the U.S. Army Corps of Engineers' (Corps) analysis and did not vacate or remand the Clean Water Act (CWA) permit at issue in the case. *Sovereign Iñupiat* Op. at 54-55, 66-88, 109-110. The portion of the out-of-district opinion highlighted by Plaintiffs examines the greenhouse gas emissions modeling used by the Bureau of Land Management (BLM), which has a markedly different scope of authority pursuant to the Naval Petroleum Reserves Production Act, Pub. L. No. 94-258, 90 Stat. 303 (1976), than the Corps does pursuant to the CWA, 33 U.S.C. § 1344. *See, e.g.*, *id.* at 3-4 (BLM approved the oil and gas development project involving drill sites, a central processing facility, an operations center pad, up to 37 miles of gravel roads and seven bridges, up to 575.4 miles of ice roads, an airstrip, up to 315.9 miles of pipelines, a gravel mine site, a sealift barge transport, and a constructed reservoir); *id.* at 7-8 (the Corps issued a CWA permit authorizing the discharge of fill and dredged material into waters of the United States). As the Court is aware, Federal Defendants contend that the scope of an agency's authority as to the project at issue is an important part of deciding whether an agency's National Environmental Policy Act analysis is so deficient as to be arbitrary and capricious. The Corps' authority here and precedent such as *Department of Transportation v. Public Citizen* support the Environmental Assessment here.

Respectfully submitted this 15th day of September, 2021.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ Sara E. Costello
SARA E. COSTELLO (KS Bar No. 20898)
AMANDA STONER
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, DC 20044-7611
202-305-0484 (Costello)
sara.costello2@usdoj.gov

/s/ Heather E. Gange
HEATHER E. GANGE (DC Bar 452615)
Senior Counsel
MARK L. WALTERS
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, DC 20044-7611
202-532-3157 (Gange)
Heather.Gange@usdoj.gov

*Attorneys for Federal Defendants*

OF COUNSEL:
MELANIE CASNER
Assistant Counsel
Office of Chief Counsel
U.S. Army Corps of Engineers