UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, WHITE EARTH BAND OF OJIBWE, HONOR THE EARTH, and SIERRA CLUB, | |
| Plaintiffs, | Case No. 1:20-cv-03817-CKK |
| v. | |
| UNITED STATES ARMY CORPS OF ENGINEERS, | |
| Defendant, | |
| ENBRIDGE ENERGY, LP | |
| Defendant-Intervenor. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On behalf of Red Lake Band of Chippewa Indians, White Earth Band of Ojibwe, Honor the Earth, and Sierra Club, we write to notify the Court of the decision in *Friends of the Earth v. Haaland*, No. 21-2317 (RC) (D.D.C. Jan. 27, 2022), a copy of which is attached as Exhibit 1.

The court held that Environmental Impact Statements prepared by the Bureau of Ocean Energy Management ("BOEM") for oil and gas lease sales were arbitrary and capricious because, although BOEM analyzed some upstream and downstream greenhouse gas emissions resulting from the sales, it failed to "'give[] a quantitative estimate of [certain] downstream greenhouse gas emissions' . . . or 'explain[] more specifically why it could not have done so.'" *Id*. at 34 (quoting *Sierra Club v. FERC*, 867 F.3d 1357, 1374 (D.C. Cir. 2017) ("*Sabal Trail*")). The court explained that an agency's underlying statute does not dictate the scope of its review under the National Environmental Policy Act ("NEPA").  *See id.* at 5–6 (("NEPA may, within the boundaries set by Congress, authorize [an] agency to make decisions based on environmental

1

factors not expressly identified in the agency's underlying statute.") (citation omitted)).  In

addition, "the relevant question is not '[w]hat activities does [the agency] regulate?', but '[w]hat

factors can [the agency] consider when regulating in its proper sphere?'"  *Id.* at 30 (quoting

*Sabal Trail*, 867 F.3d at 1373).  Because "BOEM had the ability to cancel [a lease sale] 'on the

ground that [it] would be too harmful to the environment,'" BOEM must consider greenhouse

gas emissions in its NEPA analysis.  *Id.* (quoting *Sabal Trail*, 867 F.3d at 1373).

This decision supports Plaintiffs' argument that the Corps' Environmental Assessment is

arbitrary and capricious because the Corps failed to consider the greenhouse gas emissions and

contributions to climate change that will result from the production and combustion of oil

transported through Line 3.  The Corps must deny a permit that is contrary to the public interest,

and the Corps can consider environmental factors when making that determination.  Thus, the

Corps must consider upstream and downstream greenhouse gas emissions under NEPA.

DATED:  February 01, 2022

<div style="margin-left:40%">

*s/Moneen Nasmith*
Moneen Nasmith
*[Admitted Pro Hac Vice]*
Alexis Andiman
*[Admitted Pro Hac Vice]*
Kara Goad
*[Admitted Pro Hac Vice]*
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7376
mnasmith@earthjustice.org
aandiman@earthjustice.org
kgoad@earthjustice.org

*s/Seth Johnson*
Seth L. Johnson, D.C. Bar No. 1001654
Earthjustice
1001 G St. NW, Ste. 1000
Washington, D.C. 20001
(202) 667-4500
sjohnson@earthjustice.org

*Attorneys for Plaintiffs*

</div>